IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Byron Lewis,                          )
                                      )        Civil Action No.8:09-2092-MBS-BHH
                      Plaintiff,      )
                                      )
        v.                            )        **REPORT AND RECOMMENDATION**
                                      )            **OF MAGISTRATE JUDGE**
United States of America,             )
Warden John J. LaManna,               )
CO C. Jones, and M. Grose,            )
                                      )
                                      )
                      Defendants.     )
_____ )

        The plaintiff, a federal prisoner proceeding pro se, brought this action pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

This matter is before the court on the Defendants' Motion to Dismiss, or, alternatively, for

Summary Judgment.   (Dkt. # 25.)

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial

petitions for relief and submit findings and recommendations to the District Court.

        The Plaintiff brought this action on August 4, 2009.[2]  On December 16, 2009, the

Defendants filed a motion to dismiss, or, alternatively for summary judgment.  (Dkt. # 25.)

By order filed December 17, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

1975), the Plaintiff was advised of the dismissal procedure and the possible consequences

_____

        [1]In *Bivens*, the United States Supreme Court established a cause of action against
federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous
to a claim under 42 U.S.C. § 1983 against state actors.

        [2]This date reflects that the petition was date stamped as received on August 4, 2009,
at the McCrae Correction Institution mailroom.  (Pet. Attach.)  *Houston v. Lack*, 487 U.S.
266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities
for forwarding to the district court).

if he failed to adequately respond to the motion. (Dkt. # 26.)    On January 19, 2010, the Plaintiff filed a response opposing the Defendants' motion.  (Dkt. # 27.)

## PROCEDURAL FACTS

The Plaintiff is currently a federal prisoner housed at the McCrae Correctional Institution in McCrae, Georgia.  The Plaintiff alleges the Defendants Officers Jones and Grose used excessive force on March 6, 2007, while he was housed at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield").

In his Complaint, the Plaintiff alleges that on March 6, 2007, he became involved in an altercation with his cellmate, Shortridge, when Shortridge stuck the Plaintiff with a pen. (Compl. at 3.) The Plaintiff alleges he retaliated by sticking Shortridge with a weapon, a tweezer pushed inside a pen shell, and that a struggle ensued.  *Id*.  He states that the Defendant Officer Jones heard the noises and saw the struggle and then locked the cell door and called for help.  *Id.*  The Plaintiff alleges other officers arrived and told the inmates to stop fighting, but the Plaintiff alleges he could not let go of Shortridge because if he did, Shortridge would have stabbed him.  *Id.*  He states that after a few minutes several officers entered the cell and separated the inmates.  *Id.*

The Plaintiff alleges that the Defendants Officers Jones and Grose then picked him up and slammed him down onto the concrete floor and used their knees to jump up and down on his back.  (Compl. at 4.)  The Plaintiff states he was not resisting and the officers were acting maliciously.  *Id.*   He states he was taken to segregation and left inside a cell for a long period of time bleeding and going in and out of consciousness.  *Id.*  He also alleges Officer Jones falsified the incident report to say that he saw the Plaintiff stabbing Shortridge with a weapon to cover up the use of excessive force.  *Id.*  He alleges afterwards he had had migraines for months and that he has suffered emotionally, physically, mentally, and psychologically from the injuries caused by Officers Jones and Grose.  *Id.*  The Plaintiff

2

also alleges the Defendant Warden LaManna is liable as the overseer of the FCI-Edgefield. *Id.* The Plaintiff is seeking $ 3 million in damages. (Compl. at 5.)

## APPLICABLE LAW

### Motion fo Summary Judgment [3]

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-

---

[3]Here, the Defendants filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure; however, because the Defendants relied on matters outside the pleadings, the undersigned has treated the motion as a motion for summary judgment pursuant to Rule 56.

moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

Initially, the undersigned notes that the Defendant the United States of America is not a proper party in this action and should be dismissed. A *Bivens* claim is only available against federal officers in their individual capacities, not the federal agency which employs the persons acting under federal law or the federal government itself. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (refusing to find a *Bivens* remedy against a federal agency); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Randall v. United States*, 95 F.3d 339, 345 (4th Cir.1996) (holding "[a]ny remedy under Bivens is against federal officials individually, not the federal government."). Therefore, the United States of America should be dismissed from this action.

Furthermore, liability in a *Bivens* case is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001)(internal citation omitted). Thus, in order to establish liability in a *Bivens* case, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights.[4] Furthermore, to hold a

_____

[4]Additionally, the undersigned notes that in this case, as the Plaintiff does not allege any personal involvement on the part of the Warden Lamanna, it appears he names this defendant only in his official capacity as the Warden at FCI-Edgefield. However, a suit against government agents acting in their official capacities is considered a suit against the

supervisory official, such as the Defendant Warden Lamanna, liable under *Bivens*, a plaintiff must make a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. *Fisher v. Washington Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). The Plaintiff has not made such a showing and thus the Defendant Warden Lamanna should also be dismissed on this ground.

Turning to the Plaintiff's allegations, he has alleged civil rights violations pursuant to *Bivens.* In order to state a claim under *Bivens,* a claimant must show: 1) a deprivation of a civil right secured by the Constitution and laws of the United States; and 2) that the deprivation of the right was caused by an official acting under color of federal law. *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). The plaintiff alleges the Defendants Grose and Jones used excessive force against him during the March 6, 2007, incident at FCI-Edgefield.

The Eighth Amendment generally prohibits the use of unnecessary and wanton force on inmates. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Whether a particular use of force violates this proscription depends on both subjective and objective considerations. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). "Specifically, Eighth Amendment analysis necessitates inquiry as to whether a prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir.1996). In the context of an alleged use of excessive force, whether the prison official acted with a sufficiently culpable state of mind "ultimately turns on 'whether

---

United States itself. *Graham*, 473 U.S. at 165. As noted above, a *Bivens* claim is against federal officials in their individual capacities, and not the federal government. Thus, the Plaintiff cannot maintain a claim against Warden LaManna in his official capacity.

force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992))(*quoting Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).   In determining whether prison officials have acted maliciously and sadistically, a court should balance: (I) " 'the need for the application of force,' " (ii) " 'the relationship between the need and the amount of force that was used,' " (iii) the threat reasonably perceived by the responsible officials, and (iv) "any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321 (*quoting Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)).

The objective component requires this Court to determine "if the alleged wrongdoing is objectively 'harmful enough' to establish a constitutional violation." *Hudson,* 503 U.S. at 8 (*quoting Wilson*, 501 U.S. at 298, 303).  The Defendants rely on *Norman v. Taylor* , 25 F.3d 1259, 1263 (4th Cir. 1994), for the proposition that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis. " (Defs.'Mem. Supp. Summ. J .Mot. at 8.)  However, the Supreme Court, recently rejected the de minimis threshold set forth in *Norman. Wilkins v. Gaddy*, __ U.S. ___, 130 S.Ct. 1175, __ L.Ed.2d __ (2010).  In *Wilkins,* the Court held that the level of force used determines whether an inmate's constitutional rights were violated, not the injury sustained.  *Id.*

Appropriate force may be used by prison officials when it is intended to maintain discipline within a prison institution or to restore order. *Hudson,* 503 U.S. at 6.  This "is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action," however.  *Id.* at 9 (*citing Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").   When an inmate claims prison officials used excessive force "he is forced to meet a higher standard (than deliberate indifference) to

establish the subjective component." *Williams*, 77 F.3d at 761. In order to conclude that Plaintiff's due process rights were violated, "it is necessary to find that the officer's actions amounted to punishment and were not merely 'an incident of some other legitimate government purpose. . . .'" *Robles v. Prince George's County, Md.,* 302 F.3d 262, 269 (4th Cir.2002) (*quoting Bell v. Wolfish*, 441 U.S. 520, 538 (1979)).

Here, the undisputed facts are that the Plaintiff was armed with a weapon and was in an agitated and disruptive state immediately prior to being removed from his cell. Although the Plaintiff alleges he did not resist in any way after he was removed from his cell, he also acknowledges that he was involved in an altercation and weapons were involved - Shortridge's pen and the Plaintiff's tweezers pushed into a pen shell. (Compl. at 3.) The Plaintiff argues that none of the officers state that they saw the Plaintiff with a weapon. However, while the Defendant Officer Jones does not specifically state he saw the Plaintiff with a weapon *in his hand*, Jones does state that the Plaintiff was attempting to assault his cellmate with a homemade weapon. (Defs.' Mem. Supp. Summ. J. Mot. Ex. # 2 - Jones Aff. ¶ 2.) Further, the Defendant Officer Grose states in his affidavit that Jones told him that the Plaintiff "had an object in his hand." (Defs.' Mem. Supp. Summ. J. Mot. Ex. # 3- Grose Aff. ¶ 2.) In any event, as stated above, the Plaintiff himself acknowledges he possessed a weapon and had stabbed Shortridge twice immediately prior to being restrained by the officers. (Compl. at 3; Pl.'s Mem. Opp. Summ. J. Mot. at 3.) Therefore, these facts are undisputed by the Plaintiff.

Furthermore, the Plaintiff argues that the Defendant Officer Jones did not state in his affidavit that he saw the Plaintiff drop any weapon. (Pl.'s Mem. Opp Summ . J. Mot. at 3.) This is true and undisputed. The Defendant Officer Jones states in his affidavit that neither he nor Defendant Grose knew where the weapon was. (Defs.' Mem. Supp. Summ. J. Mot. EX. # 20 Jones' Aff. ¶ 2.) Thus, it is undisputed that the Defendant officers did not see the

Plaintiff drop the weapon and did not know at the time where the weapon was and thus whether the Plaintiff possessed the weapon when they were attempting to restrain him. The Defendant Officers' use of force was in a good faith effort to restore discipline and was not malicious and sadistic and for the very purpose of causing harm. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996) (holding prison officials are entitled to use appropriate force to quell prison disturbances, and acting under pressure without the luxury of a second chance, an inmate must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm).[5]

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 25) be GRANTED and this action be DISMISSED **with prejudice**.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 12, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[5]The undersigned also notes that following this incident the Plaintiff was convicted of a disciplinary charge of assault and in the factual recitation, the disciplinary hearing officer included his finding that the Plaintiff was armed with a homemade weapon and resisted staff's attempt to subdue him. (Pl.'s Mem. Opp. Summ. J. Mot. Attach. # 1 at 3.)