IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Byron Lewis,                                   )
                                               )   C/A No. 8:09-2092-MBS
                    Plaintiff,                 )
                                               )
        vs.                                    )         **O R D E R**
                                               )
United States of America, Warden John J.       )
LaManna, CO C. Jones, and M. Grose,            )
                                               )
                    Defendants.                )
_____)

At the time of the underlying incident, Plaintiff Byron Lewis was an inmate in custody of the

Federal Bureau of Prisons who was housed at FCI-Edgefield in Edgefield, South Carolina. On

August 18, 2009, Plaintiff, proceeding pro se, filed a complaint pursuant to Bivens v. Six Unknown

Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that he had been subjected

to excessive force. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter

was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling.

This matter is before the court on motion to dismiss or, in the alternative, for summary

judgment, which motion was filed by Defendants on December 16, 2009. By order filed December

17, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4ᵗʰ Cir. 1975), the Magistrate Judge

advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to

respond adequately. Plaintiff filed a response in opposition to the motion on January 19, 2010. On

May 12, 2010, the Magistrate Judge filed a Report and Recommendation in which she determined

that the use of force complained of constituted a good faith effort to restore discipline. Accordingly,

the Magistrate Judge recommended that Defendant's motion for summary judgment be granted.

Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (Entry 25) is **granted** and the case dismissed, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 25, 2010.